**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| *Plaintiff-Respondent* | } | |
| | } | |
| v. | } | CRIMINAL ACTION NO. C-92-161 |
| | } | CIVIL ACTION NO. C-97-246 |
| DOUG KROUT | } | |
| *Defendant-Petitioner* | } | |

## MEMORANDUM AND ORDER

Presently before the Court are Petitioner Doug Krout's "Motion Pursuant to 18 U.S.C. § 3582 and Pursuant to Rule 60(b)" (Doc. 131); the Magistrate Judge's Memorandum and Recommendation (Doc. 132); the Government's "Response to Motion to Modify Sentence and Motion to Dismiss for Want of Jurisdiction and Statement of No Objection to Memorandum and Recommendation" (Doc. 133); Petitioner's "Response to Magistrate's Report and Recommendation" (Doc. 134); and "Petitioner's Opposition to Government's Response to Motion to Modify Sentence and Motion to Dismiss for Want of Jurisdiction and Statement of No Objection to Memorandum and Recommendation" (Doc. 135).

The Court agrees with the Magistrate Judge's Report and Recommendation that the pending Motion is a successive § 2255 Motion to Vacate, Set Aside or Correct Sentence and that Petitioner has failed to comply with 28 U.S.C. § 2244(3)(A), which requires that he obtain authorization from the Fifth Circuit before filing a successive application under § 2255. However, after the Magistrate Judge filed her Report and Recommendation, the Petitioner and the Government each filed a response, contending that petitioner is no longer "in custody" for purposes of filing a petition for writ of habeas corpus. Both claim that petitioner has served the required period of incarceration on the present conviction. (Doc. 133, Doc. 135). The Government contends because petitioner is no

longer in custody, the Court has no jurisdiction to consider Petitioner's motion.  Petitioner contends because he is no longer in custody, the Motion should be re-characterized as a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651.  (Doc. 135).  The parties' contentions are without merit, for the reasons to follow.

Petitioner was found guilty of conspiracy to sell, distribute or dispense heroin and of aiding and abetting, and possession with intent to distribute heroin by a jury in the United States District Court for the Western District of Texas, San Antonio Division.  *See USA v. Huerta, et al.*, Criminal Action No.93-136 (W.D. Tex. Feb. 23, 1994) (Doc. 1236).  On April 20, 1994, the San Antonio District Court sentenced petitioner to 168 months imprisonment to run concurrently on each count but consecutive to the 97 month imprisonment imposed on the present conviction in this Court.  *Id.* (Doc. 1327).  The San Antonio District Court also ordered petitioner to serve five years supervised release to run concurrent with each count and with the term of supervised release imposed in the present case.  (*Id.*).  Petitioner is presently serving the 168 month term of imprisonment on the drug convictions from the San Antonio District Court.  Although his term of incarceration on the present conviction has expired, petitioner is still subject to supervised release, which will follow the expiration of his term of incarceration on the criminal convictions from the San Antonio District Court.  Because he is still subject to a term of supervised release in the present conviction, petitioner cannot show that he is not "in custody" for purposes of filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.  *See Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir.), *cert. denied*, 537 U.S. 1022 (2002).  Therefore, the more usual remedy of a §2255 habeas petition is available to petitioner and the writ of error *coram nobis* is not.

Petitioner's Motion is a second or successive Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and he has failed to comply with 28 U.S.C. § 2244(3)(A); therefore, this Court lacks jurisdiction to entertain the present § 2255 motion.   Accordingly, Petitioner's motion is **DENIED**, the Government's motion to dismiss is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.   The Court adopts the Magistrate Judge's Memorandum and Recommendation in full.

**SIGNED** at Houston, Texas, this 14th day of March, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE